UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVARD ESHAGH,<br><br>             Plaintiff,<br><br>     v.<br><br>THE TERMINIX INTERNATIONAL CO., L.P., et al.,<br><br>             Defendants. | 1:11-cv-00222-OWW-DLB<br><br>MEMORANDUM DECISION RE: MOTION TO DISMISS (Doc. 10) |

## I. INTRODUCTION.

Edvard Eshagh ("Plaintiff") proceeds with an action against Terminix International Company, L.P. and Terminix International, Inc., ("Defendants") pursuant to 28 U.S.C. § 1332.[1]

On April 7, 2010, Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. 10). Plaintiff filed opposition on June 24, 2011. (Doc. 18). Defendants filed a reply on July 5, 2011. (Doc. 23).

## II. FACTUAL BACKGROUND.

Defendants provide termite prevention services. From 1999 to the present, Plaintiff has contracted with Defendants for termite

---

[1] Plaintiff seeks to proceed as a class representative pursuant to Fed. R. Civ. P. 23. Because the complaint is subject to dismissal, the court does not reach the propriety of Plaintiff's attempt to assert his claims in a class action suit at this time.

**1**

prevention services at his residence under a Control Service Agreement ("CSA").

Pursuant to Defendants' internal policy, certain "Minimum Basic Requirements" must be satisfied in order for a property to qualify for a "Terminix Guarantee." At all times relevant, Plaintiff's property has been in violation of two of the Minimum Basic Requirements. First, Plaintiff's property has an "uncorrected stucco hazard" within the meaning of Defendants' internal policies. Second, Plaintiff's property is incapable of receiving an "entire structure treatment" due to various attributes of the property. Despite these deficiencies, Defendants issued Terminix Guarantees for Plaintiff's property and falsely represented that they had performed "all necessary services" within the meaning of the CSA.

Defendants did not disclose to Plaintiff that they were not performing all "necessary services" required by Defendants internal procedures. Defendants internal policies set forth the following options for addressing a stucco condition such as Plaintiff's: (1) lower the exterior grade to expose the bottom edge of the stucco and create three inches clearance of exposed foundation; (2) seal off or recommend sealing off the stucco; or (3) cut stucco back from ground contact for proper inspection and treatment. Defendants did not address the stucco condition on Plaintiff's property as required by Defendants' policies, leaving Plaintiff's property susceptible to termite damage.

In February 2008, Plaintiff discovered a termite infestation at his property when a section of flooring gave way. In 2009, another area of floor gave way in a different area of Plaintiff's

**2**

property. The State of California inspected Plaintiff's property in 2010 and concluded that Terminix had not adequately treated Plaintiff's property for termite prevention.

### III. DISCUSSION.

**A. Statute of Limitations**

    **1. Breach of Contract Cause of Action**

Plaintiff's fourth cause of action is for breach of contract. Plaintiff alleges that Defendants breached the terms of the CSA by failing to perform "all necessary services" within the meaning of the CSA. Plaintiff complains that Defendants did not correct the stucco hazard and did not provide an "Entire Structure Treatment." (Comp. at 39).

Under California law, the ordinary statute of limitations for breach of a written contract is four years. Cal. Civ. Pro. § 337; *e.g., Vu v. Prudential Property & Casualty Ins. Co.*, 26 Cal. 4th 1142, 1148 (Cal. 2001). The limitations period commences when the cause of action accrues. Cal. Civ. Pro. § 312; *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 806 (2005). "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'" *Id*.

The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1318 (Cal. Ct. App. 2007) (citation omitted). Delayed accrual of a cause of action may result where the relationship between the parties is one of special trust. *Id.* Where the discovery rule applies, the limitations period does not accrue until the aggrieved party has notice of the facts

**3**

constituting the injury. *Id.* A person with actual notice of circumstances sufficient to put a prudent person upon inquiry is deemed to have constructive notice of all facts that a reasonable inquiry would disclose. *Id*. at 1319. For purposes of accrual of the limitations period, inquiry notice is triggered by suspicion. *Id.*

"A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *McKelvey v. Boeing North American, Inc.*, 74 Cal. App. 4th 151, 160 (Cal. Ct. App. 1999) *partially superceded on other grounds as stated in Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 637 n.8 (Cal. Ct. App. 2007). Application of the discovery rule ordinarily presents questions of fact. *E-Fab,* 153 Cal. App. 4th at 1320 (*citing Fox*, 35 Cal. 4th at 810).

Defendants contend that the statute of limitations for Plaintiff's breach of contract claims began to run when Plaintiff first had reason to know that the stucco siding on his property provided a possible point of entry for termites. Attached to the complaint is an Inspection Report Defendant provided to Plaintiff on November 30, 2006. The November 2006 report provides:

> The stucco siding extends beneath the outside grade level creating/providing possible points of entry for wood destroying organisms behind the stucco into the structure. No evidence of active infestation/infection was noted at the time of this inspection as a result of this condition. Periodic inspection is provided.

Defendants motion does not establish, as a matter of law, that the

**4**

November 2006 report was sufficient to put Plaintiff on notice of his claim for breach of contract. The crux of Plaintiff's breach of contract claim is that Defendants did not perform "necessary services." The November 2006 report does not suggest that Defendants were not performing necessary services related to the stucco issue; to the contrary, the November 2006 report implicitly represents that the only action necessary with respect to the stucco siding was periodic inspection.

Defendants contend, in the alternative, that the statute of limitations on Plaintiff's breach of contract claim began to run on the date on which Plaintiff first learned there was termite damage to his property. Attached to the complaint is a February 1, 2008 Inspection Report which provides:

> Evidence of subterranean termites at/in subarea. No active infestation was noted at this time. This company has previously treated this structure for the control and/or eradication of this wood destroying organism. No additional treatment is recommended at this time. Periodic inspection is advised.

Assuming *arguendo* that the statute of limitations began to run on February 1, 2008, Plaintiff's breach of contract claim is timely. Plaintiff filed his complaint on February 8, 2011, less than four years from the date of the February 2008 Inspection Report.[2] *See* Cal. Civ. Pro. § 337.

Defendants also contend that an inspection report from March 2002 indicated termite damage at Plaintiff's property. Defendants

---

[2] Defendants' motion erroneously contends that the two-year statute of limitations set forth in California Code of Civil Procedure section 339 applies to Plaintiff's contract claims. Section 339 applies to "[a]n action upon a contract...*not founded upon an instrument of writing*." Cal. Civ. Pro. § 339 (2011) (emphasis added). Plaintiff's counsel failed to identify this error.

**5**

attach what appears to be a March 2002 report concerning Plaintiffs' property, however, the March 2002 report submitted by Defendants is not properly authenticated and is not a document incorporated into or referenced by Plaintiff's complaint. Accordingly, Defendants motion to dismiss Plaintiff's contract claims as time barred is DENIED, without prejudice.

### 2. **UCL and FAL Claims**

California's Unfair Competition Law ("UCL") sets forth a four-year statute of limitations period. Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 179 (Cal. 2000). Whether the discovery rule applies to UCL claims is an open question under California law. *Broberg v. The Guardian Life Ins. Co. of America*, 171 Cal. App. 4th 912, 920 (Cal. Ct. App. 2009); *but see Karl Storz Endoscopy-Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002) ("claims under California Business and Professions Code § 17200 et seq. are subject to a four-year statute of limitations which began to run on the date the cause of action accrued, not on the date of discovery").

Claims under California's False Advertising Law ("FAL") are subject to either the three-year statute of limitations provided by California Code of Civil Procedure 338(a) or the four-year statute of limitations applicable to UCL claims. *See McCready v. Am. Honda Motor Co.*, 2006 U.S. Dist. LEXIS 44137 * 9 (N.D. Cal. 2006) (noting open question); *but see Streamcast Networks, Inc. v. Skype Techs., S.A.,* 2006 U.S. Dist. LEXIS 97393 * 26 n.8 (C.D. Cal. 2006) (applying section 338 without analysis).

///

For reasons discussed below, Plaintiff's UCL and FAL claims are not pled with the specificity required to satisfy federal pleading standards; accordingly, it is unnecessary to reach the statute of limitations issue governing these claims. Defendants' motion to dismiss Plaintiff's UCL and FAL claims as time barred is DENIED, without prejudice.

### 3. Tort Claims

Plaintiff advances two tort claims: (1) breach of professional duty; and (2) assumpsit.[3] The two-year statute of limitations set forth in California Code of Civil Procedure section 339 applies to claims of professional negligence that are not specifically covered under discrete statutes. *See Roger E. Smith v. Shn Consulting Eng'rs & Geologists*, 89 Cal. App. 4th 638, 642-43 (Cal. Ct. App. 2001). Assumpsit actions are also subject to the two-year statute of limitations set forth in section 339. *See Unions Water Co. v. Murphy's Flat Fluming*, 22 Cal. 621, 630 (Cal. 1863) (holding that action in assumpsit is "an action upon a contract, obligation, or liability, not founded on an instrument in writing"); Cal. Code. Civ. Pro. 339.

The complaint alleges Plaintiff discovered a termite infestation at his property in February 2008 when a portion of the floor collapsed due to termite damage; the statute of limitations began to run on Plaintiff's tort claims at that time. A reasonable person is put on inquiry notice that termite prevention services have not been adequately performed when they learn their property

---

[3] Assumpsit, a Latin word meaning "he promised," is an ancient quasi-contractual theory of recovery developed in the King's and Queen's courts of England. *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 905-906 (Cal. Ct. App. 2008). It appears Plaintiff's assumpsit claim is in fact an unjust enrichment claim.

**7**

is collapsing due to termite damage.  Plaintiff's allegation that Defendants "lulled Plaitnif to believe it was simply an example of a vaccine not working 100%" is unavailing; a reasonable person with knowledge of the objective facts Plaintiff alleges would have, at a minimum, conducted an investigation that would have revealed the basis for Plaintiff's tort causes of action.  Plaintiff's tort claims were not filed within two years of February 2008 as required by section 339.  Defendants motion to dismiss Plaintiff's tort causes of action is GRANTED.  Plaintiff's tort claims are DISMISSED, with prejudice.

**B. Pleading Deficiencies**

**1. Plaintiff's UCL and False Advertising Claims**

Plaintiff's UCL claims are predicated, at least in part, on allegations sounding in fraud.  *Inter alia*, Plaintiff alleges Defendants engaged in "fraudulent...business practices;" "never intended to...fulfill its promise...to provide termite prevention services;" and employed "false" advertisements.  (Comp. at 36-37).  Plaitniff's UCL and FAL claims are subject to Federal Rule of Civil Procedure 9(b).  *E.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) applies to all claims that "sound in fraud" or are "grounded in fraud").

Rule 9(b) imposes an elevated pleading standard with respect to fraud claims.  To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud.  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted).  Allegations of fraud must include the "time, place, and specific content of the false representations as well as

the identities of the parties to the misrepresentations." *Id.* (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns* 567 F.3d at 1124. (internal quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The complaint does not allege the relevant facts with sufficient particularity to satisfy Rule 9. *Inter alia*, the complaint does not allege what specific representations or advertising materials Plaintiff relied on, does not identify any individuals alleged to have made fraudulent statements, and does not clearly establish when the misleading statements Plaintiff allegedly relied on were made.

In his opposition, Plaintiff argues that the information needed to satisfy Rule 9 – such as the identify of person making representations and the dates on which such representations were made– can be gleaned from the twenty exhibits Plaintiff attached to his complaint. The complaint does not incorporate these documents into the factual allegations underlying Plaintiff's UCL and FAL claims. Plaintiff cannot satisfy Rule 9 by simply attaching voluminous exhibits to a complaint and expecting Defendants, and the court, to comb through approximately one-hundred pages of

documents in order to piece together a cognizable claim.[4] Plaintiff's UCL and FAL claims are DISMISSED, without prejudice.

**2. Tort Claims**

Defendants argument that the economic loss rule bars Plaintiff's tort causes of action is moot in light of the statute of limitations holding.

**3. Contract Claims**

Defendants contend that the contract underlying Plaintiff's claim for breach of contract cannot be ascertained from the face of the complaint. Although the complaint is fairly ambiguous, it is sufficient to provide fair notice that Plaintiff's claim is for breach of the document attached to the complaint as Exhibit I and the annual extensions thereto. Exhibit I is entitled "California Subterranean Termite Plan Agreement" and is signed by Defendants' employee and Plaintiff. Exhibit I is incorporated by reference into the complaint and is described as the operative agreement throughout the complaint. (Comp. at 16, 29). In light of the allegations of the complaint, the terms reflected in Exhibit I, and the references to Exhibit I contained in the complaint, the complaint is sufficient to provide the notice required by Rule 8. However, to the extent Plaintiff's seeks to assert claims for breach arising out of contracts other than Exhibit I, such claims are not properly pled, and any such claims are DISMISSED, without prejudice.

///

---

[4] This is especially so where, as here, a significant amount of superfluous evidentiary matter is attached, and where there are twenty exhibits appended to the complaint that are docketed on the CM/ECF system without titles.

**10**

Defendants also contend that Plaintiff's "property damage claim should be dismissed" pursuant to the terms of the parties' agreement. Defendants note that the contract purports to exempt Defendants from liability for property damage. Plaintiff rejoins that the provision of the contract invoked by Defendants is unconscionable. Even assuming *arguendo* that Plaintiff cannot recover for damage to his property under his breach of contract claim, the property damage exclusion Defendants invoke does not provide a basis to dismiss the breach of contract cause of action asserted in the complaint, which seeks to recover "damages in an a amount to be determined at trial." (Comp. At 40). Defendants' attempt to limit the amount of contract damages Plaintiff may recover can be addressed in the context of a motion for summary judgment or in a motion in limine.

**C. Motion to Strike Plaintiff's Request for Injunctive Relief**

Defendants' seek to strike Plaintiff's prayer for injunctive relief because Plaintiff has not alleged he has an inadequate remedy at law.[5] As the complaint is subject to dismissal for the reasons stated above, Defendants' motion to strike is moot.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's UCL and FAL claims are DISMISSED, without prejudice;

2) Plaintiff's breach of professional duty and assumpsit claims are DISMISSED as time barred, with prejudice;

---

[5] Defendants' argument is misplaced, as injunctive relief is available under the UCL. *E.g., Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (Cal. 2003).

**11**

3) Plaintiff shall file an amended complaint within 20 days following electronic service of this memorandum decision; Defendants shall filed responsive pleading within 15 days following service of an amended complaint; and

4) Defendants shall file a form of order consistent with this memorandum decision within five (5) days of electronic service of this decision.

IT IS SO ORDERED.

**Dated: July 25, 2011**        **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE