1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVARD ESHAGH, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE TERMINIX INTERNATIONAL COMPANY L.P., a limited partnership; TERMINIX INTERNATIONAL, INC.,<br><br><br>　　　　Defendants. | 1:11cv0222 AWI DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO STAY LITIGATION, COMPEL ARBITRATION AND STRIKE CLASS CLAIMS<br><br>(Document 35) |

　　　Defendants Terminix International, Inc. and The Terminix International Company Limited Partnership ("Defendants") filed the instant motion to stay litigation, compel arbitration and strike class claims on August 30, 2011.  The motion was heard on April 13, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge.  David Creagh appeared on behalf of Defendants.  Thomas Campbell and W. Scott Simpson[1] appeared on behalf of Plaintiff Edvard Eshagh.

---

[1]At the hearing, the Court granted the petition of W. Scott Simpson for admission to practice Pro Hac Vice. Doc. 47.

1

1

## PROCEDURAL BACKGROUND

2       Plaintiff Edvard Eshagh ("Plaintiff"), purportedly on behalf of himself and all others

3   similarly situated, filed this action against Defendants The Terminix International Company L.P.

4   and Terminix International, Inc. (collectively "Terminix" or "Defendants") on February 8, 2011.

5       On April 7, 2011, Terminix filed a motion to dismiss the complaint.  The Court granted

6   the motion to dismiss, ordering Plaintiff to file an amended complaint regarding certain claims

7   and dismissing with prejudice Plaintiff's tort claims for breach of professional duty and

8   assumpsit as time barred.  Docs. 27 and 30.

9       On August 16, 2011, Plaintiff filed a First Amended Complaint ("FAC").  Pursuant to the

10  FAC, Plaintiff seeks recovery for breach of a California Subterranean Termite Plan and

11  Agreement, and for violations of California's Unfair Competition Law ("UCL") and False

12  Advertising Law ("FAL").  Doc. 32.

13      On August 30, 2011, Terminix filed an answer to the breach of contract allegations in the

14  FAC.  Doc. 33.  Concurrent with the answer, Terminix also filed: (1) a motion to dismiss the

15  UCL and FAL causes of action; and (2) the instant motion to stay litigation, compel arbitration

16  and strike class claims.  Docs. 34 and 35.

17      On February 20, 2012, Plaintiff filed an opposition to the motion to stay litigation,

18  compel arbitration and strike class claims.  Doc. 43.  Terminix replied on February 27, 2012.

19  Doc. 49.       The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for

20  Findings and Recommendations to the District Court.

21

## DISCUSSION

22  **I.     MOTION TO COMPEL ARBITRATION**

23      A.     Applicable Legal Standard

24      Terminix moves to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9

25  U.S.C. § 1 *et seq.*  In relevant part, the FAA provides:

26      A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate
        under a written agreement for arbitration may petition any United States district

27

28                                              2

court which, save for such agreement, would have jurisdiction under Title 28, in a
civil action or in admiralty of the subject matter of a suit arising out of the
controversy between the parties, for an order directing that such arbitration
proceed in the manner provided for in such agreement. . . .The court shall hear the
parties, and upon being satisfied that the making of the agreement for arbitration
or the failure to comply therewith is not in issue, the court shall make an order
directing the parties to proceed to arbitration in accordance with the terms of the
agreement. . . .

9 U.S.C. § 4.

Plaintiff challenges the application of the FAA, arguing that the California Arbitration

Act ("CAA") is the operable law. Cal. Civ. Proc. Code § 1281.2. To support this assertion,

Plaintiff claims that Terminix did not invoke the FAA in its motion, but instead demanded

arbitration based on unidentified state law. Doc. 43, p. 9. Plaintiff points to a phrase contained

in Terminix's prayer for relief, which requests arbitration "pursuant to applicable California law

and the parties' arbitration agreement." Doc. 35-1, p. 6. However, it is evident from Terminix's

moving papers that the demand for arbitration is based on the FAA. Doc. 35-1, p. 2.

Plaintiff also claims that Terminix offers no evidence to support application of the FAA.

Specifically, Plaintiff argues that Terminix has not met its burden of proving that the agreement

involves interstate commerce. The FAA provides that a

 "written provision in any maritime transaction or a *contract evidencing a transaction*
 *involving commerce* to settle by arbitration a controversy thereafter arising out of such
 contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such
 grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C. § 2 (emphasis added). Plaintiff suggests that this action does not involve interstate

commerce. This argument is unpersuasive in light of Allied-Bruce Terminix Companies, Inc. v.

Dobson, 513 U.S. 265 (1995). In Allied-Bruce, the United States Supreme Court reaffirmed that

the FAA's "interstate commerce" provision is interpreted broadly and that the FAA's reach

coincides with that of the Commerce Clause. Considering the broad interpretation, the Supreme

Court concluded that a termite protection contract "involved commerce" under the FAA based on

the multi-state nature of Terminix and the shipping of materials from out-of-state. Allied-Bruce,

513 U.S. at 282.

3

1    Plaintiff does not reference Allied-Bruce and instead argues that state law controls

2    because the parties entered the agreement in California, the contract is expressly designated

3    "California Subterranean Termite Plan and Agreement" and California maintains a regulatory

4    scheme regarding structural pest control services.  Cal. Civ. Code § 1646; Cal Bus. & Prof. Code

5    §§ 8505 et seq.; Cal. Bus. & Prof. Code §§ 8525 et seq.; Cal. Food & Agric. Code §§ 15201 et

6    seq.  However, these facts alone do not remove this transaction from interstate commerce.

7    Courts construing the "transaction involving commerce" language of section 2 have focused on

8    the nature of the defendant's business.  See, e.g., Nicholson v. Labor Ready, Inc., 1997 WL

9    294393, *3 (N.D. Cal. 1997).  The interstate nature of Terminix is enough to satisfy the interstate

10   commerce element of the FAA.  See Allied-Bruce, 513 U.S. at 281-82; Terminix Intern. Co. Ltd.

11   P'ship v. Jackson, 669 So.2d 893, 895-96 (Ala. 1995); Baer v. Terminix Intern. Co., Ltd. P'ship

12   (975 F.Supp. 1272, 1278 (D. Kan. 1997).  Therefore, the FAA is applicable to the request for

13   arbitration in this case.

14        B.    FAA

15   The FAA creates "a body of federal substantive law of arbitrability."  Moses H. Cone

16   Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).  Thus, unless the agreement

17   provides otherwise, all questions regarding interpretation of arbitration agreements are

18   determined by federal standards.  Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445

19   (2006); Moses H. Cone Mem. Hosp., 460 U.S. at 22-24. Any question concerning arbitrability

20   must be addressed with a healthy regard for the federal policy favoring arbitration.  Simula, Inc.

21   v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999).

22   "[A]rbitration is a matter of contract and a party cannot be required to submit to

23   arbitration any dispute which he has not agreed so to submit."  AT & T Techs., Inc. v. Commc'ns

24   Workers of America, 475 U.S. 643, 648 (1986) (citations omitted); Three Valleys Mun. Water

25   Dist. v. E.F. Hutton & Co., Inc.,  925 F.2d 1136, 1139 (9th Cir. 1991).  As with any contract, the

26   parties' intentions control.  Three Valleys Mun. Water Dist., 925 F.2d at 1139.  However, the

27

28                                    4

parties' intentions are generously construed as to issues of arbitrability.  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985).

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original).  The court's role is limited to determining: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2001).  If both questions are answered in the affirmative, then the FAA requires the court to enforce arbitration. *Id.*

        1.    <u>Existence of Arbitration Agreement</u>

Plaintiff and Terminix entered into a "California Subterranean Termite Plan and Agreement" ("CSA") on or about September 20, 1999.  Exhibit A to FAC.  Terminix argues that Plaintiff's claims are the subject of a valid and enforceable arbitration agreement.  Terminix cites Section 10 of the CSA, which states:

> **10. ARBITRATION.**  The Purchaser and Terminix agree that all matters in dispute between them, including but not limited to any controversy or claim between them arising out of or relating to this agreement or the identified property in any way, whether by virtue of contract, tort or otherwise shall be settled exclusively by arbitration.  Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association.  The arbitrator(s) shall be bound by rules of substantive law and shall not be bound by the rules of evidence, whether or not set out by statute, except for provisions relating to privileged communications.  Any award of damages pursuant to such arbitration shall be included in a written decisions which shall state the reasons upon which the award was based, including all the elements involved in the calculation of any award of damages.  The decision of the arbitrator shall be a final and binding resolution of the disagreement which may be entered as a judgment by any court of competent jurisdiction.  Neither party shall sue the other except for enforcement of the arbitrator's decision.  In no event shall either party be liable to the other for indirect, special or consequential damages or loss of anticipated rents and/or profits.

Exhibit A to FAC, p. 2.  Terminix argues that this arbitration agreement is sufficiently broad to encompass the instant dispute, noting that the FAC seeks recovery for breach of the CSA and for

1   violations of the UCL and FAL for promises regarding termite services outlined in the CSA.

2   FAC ¶ 170 (First Cause of Action); ¶¶ 180-83 (Second Cause of Action); ¶ 186 (Third Cause of

3   Action); and ¶¶ 191-96 (Fourth Cause of Action).

4       Plaintiff does not challenge Terminix's assertion that the arbitration agreement

5   encompasses the instant dispute.[2]  Instead, Plaintiff contends that Terminix has waived the right

6   to compel arbitration.  In so arguing, Plaintiff urges this Court to apply a state law standard for

7   waiver because it is a contract defense.  However, in Sovak v. Chugai Pharmaceutical Co., 280

8   F.3d 1266 (9th Cir. 2002), the Ninth Circuit clearly stated that "waiver of the right to compel

9   arbitration is a rule for arbitration, such that the FAA controls" and "supplies the standard for

10  waiver." Id. at 1270.

11      During the course of oral argument, Plaintiff again invited the Court to depart from Ninth

12  Circuit precedent, arguing that such standard derives from a waiver of legal rights, not a waiver

13  of contract rights.  Plaintiff attempted to bolster his argument by reference to Gonsalves v.

14  Infosys Technologies, Ltd., 2010 WL 3118861, *2 (N.D. Cal. Aug. 5, 2010).  Gonsalves,

15  however, provides no basis to depart from Ninth Circuit precedent.  In Gonsalves, the district

16  court considered a motion to compel arbitration under the FAA, but applied a state law standard

17  to determine if there had been a waiver of the right to arbitrate.  The district court elected to

18  apply state law because the terms of the underlying employment contract stated that California

19  law governed the dispute.  Id. at *2.  Here, the CSA does not expressly provide that the

20  arbitration question should be resolved according to state law.  As Plaintiff admits, there is no

21  choice of law clause contained in the CSA.  Doc. 43, pp. 9-10.  Thus, the FAA supplies the

22  standard for waiver.  See, e.g., Isaac v. Morgan Stanley DW, Inc. 2005 WL 2655828, *5 (E.D.

23

24      [2] Plaintiff does assert that there has been no showing that Terminix International, Inc. is subject to the
    Arbitration Agreement. Doc. 43, p. 6 and n. 4. Plaintiff's argument is curious given that his breach of contract
25  action refers to "Defendant," which Plaintiff defines to include "Terminix as well as all persons and entities listed
    and named as a Defendant in the caption of this complaint or any amendment thereto." Doc. 32, ¶¶ 8-13, 191-98. In
26  other words, Plaintiff does not make a distinction in his breach of contract action between Terminix International,
    Inc. or The Terminix International Company L.P.  Defendants invited Plaintiff to dismiss his claims against Terminix
27  International, Inc.

28                      6

1   Cal. Oct. 17, 2005) (district court concluded that FAA supplied the standard for waiver where

2   agreements at issue did not expressly state that pre-arbitration questions of waiver were subject

3   to state law).

4           In determining waiver, the Ninth Circuit has stated that a party seeking to prove waiver of

5   an existing right to compel arbitration must demonstrate: "(1) knowledge of an existing right to

6   compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party

7   opposing arbitration resulting from such inconsistent acts." Fisher v. A.G. Becker Paribas Inc.,

8   791 F.2d 691, 694 (9th Cir. 1986).  The second and third prongs are dispositive.

9           As to the second prong, Plaintiff contends that Terminix acted inconsistently with a right

10  to arbitrate by filing a motion to dismiss all of Plaintiff's claims.  The Court disagrees.  The only

11  litigation activity that occurred before the instant motion to compel arbitration was the filing of a

12  motion to dismiss the original complaint.  The Ninth Circuit has rejected the argument that the

13  mere filing of a motion to dismiss is sufficient to waive the right to arbitrate.[3]  See Sovak, 280

14  F.3d at 1270-71 (9th Cir. 2002) (plaintiff failed to meet burden because he had not shown how he

15  was prejudiced by defendant's filing of a motion to dismiss for failure to state a claim); Brown v.

16  Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005) (noting that filing motion to dismiss does not

17  waive right to move to compel arbitration); Lake Commc'ns, Inc. v. ICC Corp., 738 F.2d 1473,

18  1477 (9th Cir. 1984), overruled on other grounds, Mitsubishi Motors Corp. v. Soler Chrysler-

19  Plymouth, Inc., 473 U.S. 614, 632-35 (9th Cir. 1985) (defendant filed motion to dismiss and did

20  not seek arbitration until more than one year after suit was filed; court found no waiver of

21  arbitration, noting lack of prejudice and limited discovery); see also Williams v. Cigna Fin.

22  Advisors, 56 F.3d 656, 661-62 (5th Cir. 1995) (no waiver where Cigna filed a motion to dismiss

23

24          [3]Plaintiff again relies on Gonsalves, 2010 WL 3118861 at *3 to support his argument regarding waiver.
25  Doc. 43, p. 13.  In Gonsalves, the court found the defendant had engaged in judicial litigation of the merits of
    arbitrable issues by filing a second motion to dismiss, which led to the dismissal of several of plaintiff's claims with
    prejudice, and thus the defendant had waived its right to arbitration.  Id.  Gonsalves is distinguishable from the
26  instant case because the court applied a state law standard regarding waiver and the defendant prosecuted more than
    one motion to dismiss.

27

28                                                      7

1    and a motion to stay proceedings, answered the complaint, asserted a counterclaim and

2    exchanged discovery); Rush v. Oppenheimer & Co., 779 F.2d 885, 888 (2d Cir. 1985) (motion to

3    dismiss did not waive right to arbitrate; court indicated that where "a plaintiff files an intricate

4    complaint . . . he should not be altogether surprised that a defendant takes the protective step of

5    filing a motion to dismiss . . . .") (internal quotation marks and citations omitted).

6         In contrast, the type of conduct found to constitute waiver is illustrated by Van Ness

7    Townhouses v. Mar Industries Corp., 862 F.2d 754, 759 (9th Cir. 1989).  In that case, the Ninth

8    Circuit determined that a securities brokerage waived the right to arbitrate when it actively

9    litigated a matter through initial pleading and motion practice stages, and approved a pretrial

10   conference order before seeking arbitration more than two years after the action was filed.

11   Terminix's conduct here does not approach the Van Ness level of litigation.  Terminix filed a

12   motion to dismiss and when the court ruled that the entire action was not subject to dismissal,

13   Terminix filed its motion to compel arbitration.  Terminix has not litigated the matter through the

14   motion practice stages, and there has been no scheduling conference, discovery or pretrial

15   conference order.  The Court finds that Plaintiff has not met its burden of establishing that

16   Terminix's litigation efforts were inconsistent with the right to arbitrate.[4]

17        As to the third prong, Plaintiff also has not demonstrated that he suffered prejudice.  See

18   ATSA of California, Inc. v. Continental Insurance Co., 702 F.2d 172, 175 (9th Cir. 1983)

19   (inconsistent behavior alone is not sufficient; the party opposing arbitration must have suffered

20   prejudice).  Plaintiff claims he suffered prejudice by the court's dismissal with prejudice of

21   counts three and five of the original complaint.  According to the record, these claims were

22   dismissed as time-barred.  This outcome would not have changed if the matter was in arbitration.

23        Plaintiff also asserts prejudice by litigating this action for seven months and incurring

24   fees and expenses in excess of $277,000.  According to the declaration of Plaintiff's counsel,

25   Plaintiff incurred $142,000 in attorney's fees and costs in responding to the motion to dismiss,

26   _____

27   [4]

28                                                        8

drafting the amended complaint and drafting the opposition to the motion to stay and compel arbitration. Plaintiff also incurred more than $135,000 for trial preparation. See Declaration of Thomas F. Campbell, Doc. 43-2, ¶¶ 10-11. Plaintiff's response to the motion to dismiss and the decision to incur litigation expenses do not demonstrate prejudice. The self-imposed burden of participating in pre-trial civil litigation is not, in and of itself, sufficient evidence of prejudice. See Fisher, 791 F.2d at 698 (rejecting plaintiffs' "surprising contention" that they were prejudiced because they "willingly incurred the substantial expense involved in their litigation in order to benefit from a full jury trial" because that "wound was self-inflicted"); Lake Comm., Inc., 738 F.2d at 1477 (holding that plaintiff suffered no prejudice from being required to respond to defendant's motion to dismiss and limited discovery).

Further, and contrary to Plaintiff's assertion, there is no indication that the claimed expenses would have been significantly different if Terminix filed the motion to compel arbitration before filing a motion to dismiss. There is no dispute that Terminix could challenge the substantive merits of Plaintiff's action in arbitration. Additionally, a substantial portion of the claimed expenses were for property inspections, consultations with witnesses, and arranging for work by consulting experts. See Declaration of Thomas F. Campbell, Doc. 43-2, ¶ 10. There is no indication that such expenses would not be incurred in arbitration. Following inquiry from the Court, Plaintiff failed to identify any difference between the actual expenses incurred and the amount of expenses that would have been incurred in preparing solely for arbitration.

For these reasons, the Court finds that Terminix has not waived its right to arbitration under the FAA.

Plaintiff fares no better even if the Court were to apply California state law to the issue of waiver. Under California law, a court considers the following factors when determining whether waiver has occurred:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration

enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced' the opposing party."

Saint Agnes Med. Center v. PacifiCare of Cal., 31 Cal.4th 1187, 82 P.3d 727, 733 (Cal. 2003).

The record demonstrates that the majority of factors do not suggest waiver.

As to the first two factors, Plaintiff contends that Terminix has acted inconsistent with the right to arbitrate and substantially invoked the litigation machinery by filing a motion to dismiss. Doc. 43, pp. 12-13. The Court does not find that Terminix has acted inconsistent with the right to arbitrate by filing its motion to dismiss. Moreover, such a filing does not qualify as "substantially invok[ing]" the district court's litigation machinery. See, e.g., Law Offices of Dixon R. Howell v. Valley, 129 Cal. App.4th 1076, 29 Cal.Rptr.3d 499, 516 (2005) (litigation machinery substantially invoked where "the parties engaged in discovery, submitted the case to judicial arbitration, had the court consider Law Firm's summary judgment motion, participated in a mandatory settlement conference, and allowed the case to proceed to the brink of trial."); Quevedo v. Macy's, Inc., 798 F.Supp.2d 1122, 1131 (C.D. Cal. Jun. 16, 2011) (court doubted that the litigation machinery had been substantially invoked where court entertained a motion to dismiss, a motion for class certification and some discovery had occurred); Cf. Gonsalves, 2010 WL 3118861 at *5 (court found waiver of right to enforce arbitration clause where defendant waited to file its motion to compel arbitration until after it filed two separate motions to dismiss for failure to state a claim which ultimately resulted in dismissal, with prejudice, of certain claims).

As to the third factor, Terminix did not move to compel arbitration close to the trial or delay for a long period before seeking arbitration. Although Plaintiff cites cases suggesting that a seven-month delay favors a waiver, the Court notes that the passage of some portion of time in this case occurred while the initial motion to dismiss was pending. As to the fourth factor, Terminix did not file any counterclaim without asking for a stay of the proceedings. As to the

fifth factor, Plaintiff contends that Terminix took advantage of procedures not otherwise

available in arbitration by filing the motion to dismiss.  As stated above, however, neither party

disputes that Terminix would entitled to challenge the substantive merits of Plaintiff's claims.

As to the sixth and final factor, any delay in seeking to compel arbitration did not affect, mislead

or prejudice Plaintiff.  Pursuant to the discussion at the hearing and the record presented to the

Court, Plaintiff's counsel has been involved in at least one other action in which Terminix

invoked an arbitration agreement.  Further, the legal expenses incurred by Plaintiff do not suffice

to show prejudice.  Quevedo, 798 F.Supp.2d at 1132.

Based on the foregoing, the Court concludes that Plaintiff has not met his burden to show

that Terminix has waived the right to enforce the arbitration agreement.

2.    Enforceability of Arbitration Agreement

Plaintiff next argues that the arbitration agreement is unenforceable because it is illusory.

Plaintiff claims that under California law, a contract is illusory in two circumstances: (1) if a

party assumes no obligation whatsoever, or (2) if a party can perform or withdraw at his pleasure.

Mattei v. Hopper, 330 P.2d 625, 626 (Cal. 1958).  Plaintiff contends that because the CSA

provides that "[i]n the event of a change in existing law as it pertains to the services herein,

Terminix reserves the right to terminate this agreement," there is no real promise to arbitrate.

Exhibit A to FAC, p. 2, ¶ 7.  Plaintiff believes that this language means that "Terminix is free to

perform, or not, at its pleasure because it can point to any change in any tangentially related law

whatsoever as a reason for unilateral termination."  Doc. 43, p. 22.  Plaintiff concludes that the

CSA and the Arbitration Agreement are entirely illusory and unenforceable under state law.

Plaintiff's argument is without merit and his citation to Carey v. 24 Hour Fitness, USA,

Inc., 669 F.3d 202, 206-09 (5th Cir. 2012) is not instructive.  In Carey, the Fifth Circuit found

that an arbitration agreement set forth in an employee handbook that could be unilaterally

changed by the employer was illusory and unenforceable.  Such an arbitration agreement is not

present here.  Indeed, Plaintiff does not point to any language in the arbitration agreement itself

11

to demonstrate that it is illusory.  There also is no support for Plaintiff's claim that the termination provision in the CSA renders the arbitration agreement illusory.  Indeed, Plaintiff provides an overbroad reading of the termination provision, suggesting that a "simple refinement to the law of negligence causation or the enforceability of a damages disclaimer in decisional law would trigger Terminix's right to terminate."  Doc. 43, p. 20.  By its terms, the termination provision is limited to a change in existing law regarding the *services* contemplated by the CSA, which are services to control or to protect the relevant structure if attacked by Subterranean Termites.  Exhibit A to FAC, p. 1, A.  The Court finds that the arbitration agreement set forth in the CSA is not illusory.

As a final argument against arbitration, Plaintiff contends that the CSA and the Arbitration Agreement are unenforceable because they are unconscionable.  The Ninth Circuit has stated that when the crux of the complaint challenges the validity or enforceability of the agreement containing the arbitration provision, then the question of whether the agreement, as a whole, is unconscionable must be referred to the arbitrator.  Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1264 (9th Cir. 2006).  When the crux of the complaint is not the invalidity of the contract as a whole, but rather the arbitration provision itself, then the federal courts must decide whether the arbitration provision is invalid and unenforceable under the FAA.  Id.

Here, although Plaintiff argues that the CSA is unenforceable, the FAC does not challenge the validity of the contract as whole.  Instead, Plaintiff seeks to enforce the validity of the contract by asserting a breach of contract action against Terminix.  Plaintiff only challenges the validity of the arbitration provision in opposition to Terminix's motion to compel arbitration.  Accordingly, this court properly determines the issue of arbitrability.  See Cox v. Ocean View Hotel Corp., 533 F.3d 1114 (9th Cir. 2008); Roberts v. Synergistic Intern., LLC, 676 F.Supp.2d 934, 947 (E.D. Cal. 2009).

If a contract is unconscionable, under California law courts may refuse to enforce it.  Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003).  To be unenforceable, the

1  arbitration clause must be both procedurally and substantively unconscionable.  Ting v. AT&T,
2  319 F.3d 1126, 1148 (9th Cir. 2003).  The Court considers procedural and substantive
3  unconscionablity in turn.

4          a.     Procedural Unconscionability

5     Procedural unconscionability "concerns the manner in which the contract was negotiated
6  and the circumstances of the parties at that time." Kinney v. United HealthCare Servs., Inc., 70
7  Cal.App.4th 1322, 1329, 83 Cal.Rptr.2d 348 (1999). The procedural element of
8  unconscionability focuses on two factors:  oppression or surprise.  Stirlen v. Supercuts, Inc., 51
9  Cal.App.4th 1519, 1531, 60 Cal.Rptr.2d 138 (1997).  Oppression "arises from an inequality in
10  bargaining power which results in no real negotiation and an absence of meaningful choice." Id.
11  at 1531, 60 Cal.Rptr.2d 138.

12       Plaintiff asserts that the CSA is a contract of adhesion because it was issued on a "take it
13  or leave it" basis, he was given no opportunity to alter the agreement, which was a pre-printed,
14  boilerplate form and there was inherently unequal bargaining power of the parties.  See Geoffroy
15  v. Washington Mut. Bank, 484 F.Supp.2d 1115, 1118 (S.D. Cal. 2007); see also, Circuit City
16  Stores v. Adams, 279 F.3d 889, 893 (9th Cir. 2002) (citing Stirlen, 51 Cal.App.4th at 1533-34,
17  60 Cal.Rptr.2d 138); Armendariz v. Found. Health Psychcare Servs., 24 Cal.4th 83, 115, 99 Cal.
18  Rptr.2d 745, 6 P.3d 669 (2000) (preemployment arbitration contract found procedurally
19  unconscionable because it was a condition of employment and there was no opportunity to
20  negotiate).  Terminix counters that "Plaintiff says nothing regarding the circumstances
21  surrounding the transaction between Mr. Eshagh and Terminix such as whether he read,
22  understood or had any knowledge regarding the arbitration provision and other terms of the
23  agreement."  Doc. 49, p. 8.  Terminix's counterargument is unpersuasive and does not address
24  Plaintiff's assertions regarding the respective bargaining power of the parties, Plaintiff's
25  (in)ability to alter the agreement and the pre-printed, boilerplate nature of the CSA.  Thus, the
26  Court finds that Plaintiff has established procedural unconscionability.

27

28                 13

b.    Substantive Unconscionability

Substantive unconscionability focuses "on overly harsh or one-sided results." Armendariz, 24 Cal.4th at 114, 99 Cal.Rptr.2d 745, 6 P.3d 669.  An arbitration clause is substantively unconscionable if "the terms of the agreement ... are so one-sided as to *shock the conscience*." Kinney, 70 Cal.App.4th at 1329, 83 Cal.Rptr.2d 348 (emphasis in original). California courts "look beyond facial neutrality and examine the actual effects of the challenged provision." Ting, 319 F.3d at 1149 (agreement is unconscionable unless the arbitration remedy contains a "modicum of bilaterality").

Substantively, Plaintiff contends that the contract "does not fall within the reasonable expectations of the weaker or 'adhering' party" and it is "unduly oppressive." Graham v. Scissor-Tail, Inc., 623 P.2d 165, 173 (Cal. 1981).  Plaintiff cites five provisions within the contract that he alleges are substantively unconscionable, only one of which is contained in the arbitration agreement.  Plaintiff believes that the arbitration agreement's limitation regarding liability for indirect, special or consequential damages or loss of anticipated rents and/or profits means that Terminix is disavowing any element of damage it may cause.  Doc. 43, p. 26.

There is no support for Plaintiff's broad-sweeping assertion that the arbitration agreement wholly prevents Plaintiff from recovering any element of damages against Terminix.  Plaintiff's citations to Harper v. Ultimo, 7 Cal.Rptr.3d 418 (Ct. App. 2003), Armendariz and Lhotka v. Geographic Expeditions, Inc., 104 Cal.Rptr.3d 844, 852 (Ct. App. 2010) are not persuasive. Harper involved an arbitration agreement that precluded the consumers from obtaining *any* damages.  Harper, 7 Cal.Rptr.3d at 421.  Armendariz involved a one-sided arbitration agreement that did not permit the full recovery of damages for employees, while placing no such restrictions on the employer.  Armendariz, 6 P.3d at 694.  Finally, Lhotka involved an arbitration provision capping the maximum amount of recovery.  Lhotka, 104 Cal.Rptr.3d at 847.  These elements are not contained in the arbitration agreement at issue here.  Thus, the Court finds that Plaintiff fails to establish that the arbitration agreement is substantively unconscionable.

1   Both procedural and substantive unconscionability must be present for a court to refuse to

2   enforce an arbitration agreement under the doctrine of unconscionability.  Armendariz, 24

3   Cal.4th at 114, 99 Cal.Rptr.2d 745, 6 P.3d 669.  As discussed, the Court finds that the contract is

4   procedurally unconscionable, but Plaintiff has failed to establish substantive unconscionability.

5   Moreover, under the FAA, any doubts concerning the scope of arbitrable issues should be

6   resolved in favor of arbitration.  Three Valleys Mun. Water Dist., 925 F.2d at 1139 ("any doubts

7   concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the

8   problem at hand is the construction of the contract language itself or an allegation of waiver,

9   delay, or a like defense to arbitrability").  Accordingly, the Court recommends that Terminix's

10  motion to compel arbitration be GRANTED.

11  **II.      Motion to Strike Class Allegations**

12  Terminix also moves to strike Plaintiff's class claims.  The Supreme Court has held that

13  non-consensual class arbitration is inconsistent with the FAA, and that parties cannot be deemed

14  to consent to class arbitration where the agreement is silent on the issue.  AT&T Mobility LLC v.

15  Concepcion, 131 S.Ct. 1740 (2011); Stolt-Nielsen S.A. v. Animalfeeds Intern. Corp. 130 S.Ct.

16  1758, 1775 (2010) ("a party may not be compelled under the FAA to submit to class arbitration

17  unless there is a contractual basis for concluding that the party *agreed* to do so").  As the

18  arbitration agreement between Plaintiff and Terminix is silent regarding class arbitration,

19  Terminix asserts that Plaintiff's class action allegations must be stricken.

20  In a footnote, Plaintiff argues that arbitration agreements cannot be used to waive

21  statutory rights, Armendariz, 24 Cal.4th at 101, 6 P.3d at 681, and the right to bring a class action

22  lawsuit under California unfair competition laws is based on statute.  However, Plaintiff has not

23  offered any legal authority showing that non-consensual class arbitration is permitted.  Plaintiff

24  contends that pursuant to Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 123 S.Ct. 2402

25  (2003), the question of whether he has a right to bring a class in arbitration is a question of

26  procedural arbitrability for the arbitrator, not the Court.  However, Bazzle did not yield a

27

28                                                15

1  majority decision on this question.  Stolt-Nielsen, 130 S.Ct. at 1772.  Given the Supreme Court's

2  subsequent determination in Stolt-Nielsen that a party may not be compelled to submit a dispute

3  to class arbitration where there is no agreement to do so, the Court recommends that the motion

4  to strike class allegations be GRANTED.

5  **III.   DISMISSAL**

6          In the event of a recommendation to arbitrate, Plaintiff requested that the Court also

7  recommend dismissal without prejudice, making it a final decision subject to appeal.  At the

8  hearing, Terminix did not contest this request.  Where a dispute is subject to arbitration under the

9  terms of a written agreement, a district court shall "stay the trial of the action until such

10 arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

11 Nevertheless, courts have discretion under 9 U.S.C. § 3 to dismiss claims that are subject to an

12 arbitration agreement.  Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir.1988);

13 Thinket Ink Info. Resources, Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir.2004)

14 (finding dismissal, rather than a stay, of plaintiffs' claims that were subject to arbitration proper).

15 Here, the Court has found that all of Plaintiff's individual claims properly are subject to

16 arbitration and that the remaining class allegations should be stricken.  As such, the Court finds

17 that recommending dismissal of Plaintiff's claims is appropriate.

18                                    **RECOMMENDATION**

19         Based on the above, this Court HEREBY RECOMMENDS as follows:

20         1.      Terminix's motion to compel arbitration be GRANTED;

21         2.      Terminix's motion to strike class allegations be GRANTED; and

22         3.      The action be DISMISSED without prejudice.

23         These findings and recommendations are submitted to the Honorable Anthony W. Ishii

24 pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule

25 304.  Within **thirty (30) days** of service of this recommendation, any party may file written

26 objections to these findings and recommendations with the Court and serve a copy on all parties.

27

28                                            16

Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **twenty-one (21) days** after service of the objections.  The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **May 10, 2012**              **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE